# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Civil Case No. 3:09cv0008 |
| Plaintiff/Respondent, | : | Criminal Case No. 3:06cr0154 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| THOMAS L. McCAULEY, | : | |
| Defendant/Petitioner. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court on Petitioner Thomas L. McCauley's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. (Doc. # 83). The matter is before the Court for initial consideration under Rule 4 of the Rules Governing §2255 Motions.

On February 3, 2009, Petitioner filed a petition for writ of certiorari in the United States Supreme Court and the case was placed on the docket on February 6, 2009. (Doc. #84).

For the reasons stated below, this Judicial Officer recommends dismissal of Petitioner's motion without prejudice to Petitioner's right to re-file the motion (which should not be considered as a second or successive motion pursuant to 28 U.S.C. § 2255) once his pending appeal has become final.

This is so because it is well-settled that in the absence of extraordinary

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

circumstances, a district court is precluded from considering a §2255 application for relief during the pendency of a direct appeal. *Capaldi v. Pontesso*, 135 F. 3d 1122 (6th Cir. 1998) (citing *United States v. Gordon*, 634 F. 2d 638 (1st Cir. 1980)); *see United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995) (absent "extraordinary circumstances," district court should decline to hear habeas claims while direct appeal is pending); *see also Welsh v. United States,* 404 F.2d 333 (5th Cir. 1968); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States,* 435 F.2d 317, 318 (9th Cir. 1970), *cert. denied,* 402 U.S. 933, 28 L. Ed. 2d 867, 91 S. Ct. 1530 (1971); *United States v. Cook,* 997 F.2d 1312, 1319 (10th Cir. 1993); *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001); *Womack v. United States,* 395 F.2d 630, 631 (D.C. Cir. 1968).

The United State Supreme Court has held that with regard to postconviction relief for federal prisoners the conclusion of direct review occurs when the "...Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari." *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072 (2003). As such, Petitioner's case is not yet final.

The finality rule is designed to ensure the orderly administration of justice and preserve judicial economy. *See* Federal Rules Governing §2255 Proceedings Rule 5 (advisory committee's note); *see also* 3 Charles A. Wright, Federal Practice and Procedure, Criminal 2d §597 at 483 (§2255 motion "is not proper while an appeal from the conviction is pending since disposition of the appeal may make the motion unnecessary"). Petitioner presents no extraordinary circumstances warranting an exception to the general rule in this case, and none are otherwise apparent. After balancing the need for speedy relief against the need for an orderly administration of judicial resources, no extraordinary circumstances are present in this case which would require the Court to determine the issues presented in Mr. McCauley's §2255 motion during the pendency of his direct appeal.

**IT IS THEREFORE RECOMMENDED THAT**:
1. Plaintiff Thomas L. McCauley's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 83) be dismissed without prejudice to refiling as an original, non-successive motion upon the conclusion of his direct appeal; and

2. The case be terminated on the docket of this Court.


February 27, 2009

                                                s/ Sharon L. Ovington
                                                        Sharon L. Ovington
                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).