# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:06-cr-154

                                  District Judge Timothy S. Black

- vs -                              Magistrate Judge Michael R. Merz

THOMAS L. McCAULEY,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion Requesting the Court to Correct its Lack of Sentencing Authority and to Correct its Judgment and Commitment Order (Doc. No. 125).

Defendant was convicted in this Court and sentenced on July 16, 2007 (Minute Entry, Doc. No. 70; Judgment, Doc. No. 71). That judgment became final when the United States Supreme Court denied certiorari March 13, 2009 (Doc. No. 86). McCauley filed his first Motion to Vacate under 28 U.S.C. § 2255 on May 22, 2009 (Doc. No. 88)[1]. The First Motion was denied September 13, 2011 (Doc. No. 108). Both this Court and the Court of Appeals denied a certificate of appealability (Doc. Nos. 113, 117).

---

[1] A prior § 2255 motion, filed prematurely, was superseded by the referenced motion.

1

McCauley filed a second Motion under § 2255 in August 2013 (Doc. No. 119). The Motion was dismissed without prejudice for lack of jurisdiction because McCauley had not obtained leave of the Sixth Circuit to file a second § 2255 motion (Doc. No. 124).

Although not denominated as made under § 2255, the instant Motion is jurisprudentially the same thing. Federal courts have virtually no authority to alter criminal judgments after entry, except under 28 U.S.C. § 2255. A defendant surely cannot avoid the bar on second or successive motions to vacate merely by failing to properly label his filing.

Moreover, McCauley raises no new issues in this Motion. He asserts his conviction and sentence under 18 U.S.C. § 924(e)(1) is void because it is based on prior uncounseled convictions (Doc. No. 125, PageID 777-78). This is the same argument he made in Ground One of his second § 2255 Motion (See Report and Recommendations, Doc. No. 121, PageID 763).

As explained at greater length in the prior Report, this Court has no subject matter jurisdiction over a second or successive § 2255 Motion. The instant Motion should be dismissed without prejudice for lack of subject matter jurisdiction. That determination, which McCauley did not appeal, is now the law of the case.

January 13, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).