# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:06-cr-154
                                                          Also Case No. 3:09-cv-008

                                                          District Judge Timothy S. Black
  -  vs  -                                            Magistrate Judge Michael R. Merz

THOMAS L. McCAULEY,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on transfer from the United States Court of Appeals for the Sixth Circuit (Order, ECF No. 128). In the Transfer Order, the circuit court granted McCauley permission to file a second or successive § 2255 motion and found that he had made "a prima facie showing that he is entitled to relief." *Id.* at PageID 785.

The Sixth Circuit has now transferred to this Court McCauley's § 2255 Motion (ECF No. 130. McCauley pleads one ground for relief:

> **Ground One:** The movant is not a career criminal in light of the Supreme Court's decision in *Johnson v. United States.*
>
> **Supporting Facts:** The Supreme Court's decision in *Johnson v. United States,* U.S. No. 13-7120 (June 26, 2015) announced a substantive change to the Armed Career Criminal Act, 18 U.S.C. § 924(e). The movant is no longer a career criminal in light of the changes announced in the decision; therefore the statutory

1

> maximum sentence for the offense of conviction, 18 U.S.C. § 922(g)(1), is 10 years. The movant's sentence exceeds the statutory maximum.

(Motion, ECF No. 130, PageID 797).

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), is unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

McCauley makes no argument as to how his conviction is affected by *Johnson*, but the record reflects that McCauley was convicted on his plea of guilty to one count of being a felon in possession of a firearm with an ACCA enhancement and one count of possession of cocaine (Judgment, ECF No. 71, PageID 212). The United States had previously filed a Notice of Armed Career Criminal Sentencing Enhancement on November 16, 2006 (ECF No. 26). The Notice alleged prior convictions for (1) aggravated robbery and felonious assault with resulting serious physical harm in Montgomery County Common Pleas Case No. 76-CR-1405; (2) aggravated

2

robbery in that same court's case number 87-CR-371; and (3) aggravated robbery in that same court's case number 87-CR-1077. *Id.*

Felonious assault has as an element the infliction of serious physical harm on another. Ohio Revised Code § 2903.11. Aggravated robbery requires use of a deadly weapon or dangerous ordnance or the infliction of serious physical harm on another. Ohio Revised Code § 2911.01. Both crimes come within the definition of "violent felony" under 18 U.S.C. § 924(e)(2)(B) without any reference to the "residual clause" because they have as an element the use, attempted use, or threatened use of physical force against the person of another.

**Conclusion**

Because McCauley's ACCA sentence is based on three prior felonies which do not require reference to the "residual clause" for classification as violent felonies, his § 2255 Motion is without merit and should be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 16, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).