# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:06-cr-154
                                                  Also Case No. 3:09-cv-008

                                                   District Judge Timothy S. Black
- vs -                                   Magistrate Judge Michael R. Merz

THOMAS L. McCAULEY,

                Defendant.      :

## ORDER WITHDRAWING REPORT AND RECOMMENDATIONS AND ORDER FOR ANSWER

This case is before the Court on Defendant's Objections (ECF No. 133) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 131) recommending that Defendant McCauley's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 130) be dismissed with prejudice. Judge Black has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 135).

The case came to this Court on transfer from the United States Court of Appeals for the Sixth Circuit (Order, ECF No. 128). In the Transfer Order, the circuit court granted McCauley permission to file a second or successive § 2255 motion and found that he had made "a prima facie showing that he is entitled to relief." *Id.* at PageID 785. The Sixth Circuit then transferred

1

McCauley's § 2255 Motion, filed in that court *pro se*, to this Court   (ECF No. 1McCauley pleads one ground for relief:

> **Ground One:**  The movant is not a career criminal in light of the Supreme Court's decision in *Johnson v. United States.*
>
> **Supporting Facts:**  The Supreme Court's decision in *Johnson v. United States,* U.S. No. 13-7120 (June 26, 2015) announced a substantive change to the Armed Career Criminal Act, 18 U.S.C. § 924(e).  The movant is no longer a career criminal in light of the changes announced in the decision; therefore the statutory maximum sentence for the offense of conviction, 18 U.S.C. § 922(g)(1), is 10 years.  The movant's sentence exceeds the statutory maximum.

*Id.* at PageID 797.

McCauley relies on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  On initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases the Magistrate Judge concluded McCauley was not entitled to relief under Johnson because he had prior convictions for "(1) aggravated robbery and felonious assault with resulting serious physical harm in Montgomery County Common Pleas Case No. 76-CR-1405; (2) aggravated robbery in that same court's case number 87-CR-371; and (3) aggravated robbery in that same court's case number 87-CR-1077." (Report, ECF No. 131, PageID 875-76).  The Report continued:

> Felonious assault has as an element the infliction of serious physical harm on another.  Ohio Revised Code § 2903.11. Aggravated robbery requires use of a deadly weapon or dangerous ordnance or the infliction of serious physical harm on another. Ohio Revised Code § 2911.01. Both crimes come within the definition of "violent felony" under 18 U.S.C. § 924(e)(2)(B) without any reference to the "residual clause" because they have as

2

>> an element the use, attempted use, or threatened use of physical
>> force against the person of another.

*Id.* at PageID 876. Because these three prior felonies did not require reference to the unconstitutional "residual" clause of the ACCA, the Magistrate Judge concluded the § 2255 Motion was without merit and should be dismissed.

After the Report was filed, Assistant federal Public Defender Kevin Schad entered his appearance as counsel for McCauley and filed the instant Objections. Having reviewed those Objections, it does not plainly appear from the face of the motion and the prior proceedings in the case that Defendant is not entitled to relief. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than August 8, 2016, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

In the body of the Objections, Defendant relies on concessions made by the United States "in litigating McCauley's motion for Successive Petition in the Sixth Circuit." (Objections, ECF No. 133, PageID 880). The only documentation from the Sixth Circuit before this Court is the

Case: 3:06-fe-00154-UNA Doc #: 136 Filed: 07/06/16 Page: 4 of 4  PAGEID #: 884

4

Transfer Order (ECF No. 128) and the Motion itself as an exhibit to the request to file a successive motion (ECF No. 130).  To the extent either party relies on positions taken by the opposing party in the Sixth Circuit, they shall file the documentary evidence of those positions as exhibits in this Court.


July 7, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge