# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:06-cr-154 |
| | | | Also Case No. 3:09-cv-008 |
| | | | |
| | | | District Judge Timothy S. Black |
| - vs - | | | Magistrate Judge Michael R. Merz |

THOMAS L. McCAULEY,

|  |  |  |
|---|---|---|
| | Defendant. | : |

---

# REPORT AND RECOMMENDATIONS

---

This case is before the Court on transfer from the United States Court of Appeals for the Sixth Circuit (Order, ECF No. 128). In the Transfer Order, the circuit court granted McCauley permission to file a second or successive § 2255 motion and found that he had made "a prima facie showing that he is entitled to relief." *Id.* at PageID 785. Although McCauley filed pro se in the Sixth Circuit, he is now represented by counsel (ECF No. 132)

The Sixth Circuit has now transferred to this Court McCauley's § 2255 Motion (ECF No. 130. McCauley pleads one ground for relief:

> **Ground One:** The movant is not a career criminal in light of the Supreme Court's decision in *Johnson v. United States.*
>
> **Supporting Facts:** The Supreme Court's decision in *Johnson v. United States,* U.S. No. 13-7120 (June 26, 2015) announced a substantive change to the Armed Career Criminal Act, 18 U.S.C. §

1

924(e). The movant is no longer a career criminal in light of the changes announced in the decision; therefore the statutory maximum sentence for the offense of conviction, 18 U.S.C. § 922(g)(1), is 10 years. The movant's sentence exceeds the statutory maximum.

(Motion, ECF No. 130, PageID 797).

In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), is unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

On initial review under Rule 4 of the Rules Governing § 2255 Proceedings, the Magistrate Judge concluded McCauley was not entitled to relief because he had three prior convictions for violent felonies which did not require reference to the "residual" clause of the ACCA to qualify as predicate offenses (Report, ECF No. 133). Defendant objected and the Magistrate Judge withdrew the Report and ordered the Government to answer (ECF No. 116).

The United States has now conceded that McCauley is entitled to relief. The United States Attorney explains that McCauley's aggravated robbery convictions required merely the possession of a deadly weapon and not its use. (Answer, ECF No. 138, PageID 894, note 1, citing *United States v. Nagy*, 144 F. Supp. 3d 928 (N.D. Ohio 2015)(Gwin, D.J.). As noted in the Objections, the United States had conceded during litigation over McCauley's request for permission to file a second or successive § 2255 motion that McCauley had only one qualifying predicate conviction (ECF No. 133, PageID 880).

**Conclusion**

Accordingly, it is respectfully recommended that McCauley's conviction under the ACCA be VACATED and this case be set for re-sentencing.

August 9, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).